# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | | |
|---|---|---|
| YUDY RENALDO ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-cv-02922-JFM |
| | ) | |
| MAXIM HEALTHCARE SERVICES, INC., | ) | Hon. Frederick Motz |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE

Plaintiff Yudy Renaldo Alvarez along with the Plaintiffs in 151 related cases currently pending before this Court ("Plaintiffs")[1] and Defendant Maxim Health Services, Inc. ("Maxim" or "Defendant") (collectively, the "Parties"), by and through the undersigned counsel, hereby respectfully jointly request that the Court approve their negotiated Confidential Settlement Agreements and Releases ("Agreements") and dismiss the 152 individual actions with prejudice, with all parties to bear their own costs. In support of this Joint Motion, the Parties state as follows:

1. Plaintiffs' Complaints assert claims for alleged unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* Defendant has disputed Plaintiffs' claims and contends that Plaintiffs were fully compensated for all work performed.

2. The Parties agree and represent that they have reached a settlement that requires Plaintiffs to dismiss, with prejudice, their claims in each individual action in exchange for a

---

[1] The 152 cases/Plaintiffs covered by this Motion are listed in Exhibit A to this Motion.

monetary payment and a release of Maxim from any further liability under the Fair Labor Standards Act and all applicable state wage and hour laws for the time period in question.

3.      The Parties' Agreements resolve all of the claims that Plaintiffs brought or could have brought in the lawsuits, including claims under the Fair Labor Standards Act. The Agreements also provide for Plaintiffs' attorneys' fees and costs. Because the Agreements involve the settlement and release of claims under the Fair Labor Standards Act, the Parties must submit the proposed Agreements to the Court to examine and ensure that the Agreements represent a fair and reasonable resolution of a *bona fide* dispute. After review, the Court can then enter an order dismissing the lawsuits with prejudice and permitting plaintiffs' release of their claims under the Fair Labor Standards Act and all applicable state wage and hour laws. *See Torres v. Washrite Plus. Inc.*, No. 15-2982, 2016 U.S. Dist. LEXIS 100046, at **4, 15 (D. Md. Aug. 1, 2016) (citing *Lynn's Food Stores*, 679 F.2d 1355, 1335 (11th Cir. 1982)).

4.      Due to the confidentiality of the Agreements, the Parties have agreed not to make them public record. Accordingly, the Parties also request permission to submit copies of the signed Agreements directly to the Court for *in camera review*.

5.      The Parties' respective counsel are experienced in litigating wage and hour lawsuits and engaged extensively in arm's length, good-faith settlement negotiations that considered the merits of Plaintiffs' claims, Maxim's defenses, and all the available and likely evidence.

6.      The claims of the vast majority of the 152 settling Plaintiffs were initiated as a collective action in the 2012 lawsuit, *Lawrence v. Maxim Healthcare Service, Inc*., USDC ND OH, Case No. 1:12-cv-02600-CAB. After the collective was decertified, Plaintiffs filed their individual lawsuits in this Court. Thus, for most Plaintiffs, related litigation has been ongoing

for four years. Moreover, based on Maxim's defenses, Plaintiffs recognize that they might not have recovered anything or risked recovering much less than the amount that was claimed. Similarly, while Maxim believes that no liability exists, it acknowledges the risk that some or all of its defenses may have not been established and that Plaintiffs could have received favorable judgments, including liquidated damages. Accordingly, in light of the length of time of the litigation, the factual and legal complexities of the cases, the inherent risks of trial, and the expense of continued litigation, the Parties agree that the terms reflected in the Agreements are mutually satisfactory and represent a fair and reasonable resolution of a bona fide dispute over, *inter alia*, any alleged unpaid wages due to Plaintiffs. The settlements also promote the public's interest in encouraging settlement.

7. Additionally, given the complexity of the factual and legal issues and the several months expended to reach a fair settlement, the award of attorneys' fees allocated in the cases to Plaintiffs' counsel is reasonable.

8. As the Parties have negotiated a mutually agreeable settlement, they jointly move the Court to: (1) approve the proposed Agreements; (2) dismiss the 152 settling actions with prejudice; and (3) retain jurisdiction to enforce the terms of the Agreements.

WHEREFORE, for all the foregoing reasons the Parties respectfully request permission to submit a copy of the signed Agreements directly to the Court for *in camera review*, and that this Court approve the Agreements and dismiss the 152 settling actions with prejudice, with all parties to bear their own costs.

| | |
|---|---|
| Dated: March 13, 2017 | Respectfully submitted, |
| */s/ Robi J. Baishnab* | */s/ Lincoln O. Bisbee* |

Robert E. DeRose (MD Bar No. 803618)
Robi J. Baishnab (MD Bar No. 13913)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
Email: rbaishnab@barkanmeizlish.com

Timothy J. Becker (Admitted Pro Hac Vice)
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Tel: 612.436.1800
Fax: 612.436.1801
Email: tbecker@johnsonbecker.com

Jason J. Thompson (MD Bar No. 13428)
Jesse L. Young (pro hac vice forthcoming)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile: (248) 864-7840
Email: jthompson@sommerspc.com
        npioch@sommerspc.com
        jyoung@somerspc.com

*Attorneys for Plaintiff*

Lincoln O. Bisbee
Fed. Bar Number 28953
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20005
E-mail: lincoln.bisbee@morganlewis.com
Tel: 202.739.3000
Fax: 202.739.3001

William Grob (*admission forthcoming*)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL 33602
E-mail: william.grob@ogletreedeakins.com
Tel: 813.289.1247
Fax: 813.289.6530

Robert R. Niccolini (MD Bar No. 24873)
John S. Bolesta (MD Bar No. 28115)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Tel: 202.877.0855
Fax: 202.887.0866

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2017, the above document was filed electronically Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lincoln O. Bisbee*